

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 18 2011
J.T. NOBLIN, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN THE MATTER OF | * | CIVIL ACTION NO. 1:11cv443HSO-RHW |
| EURUS LONDON LLC, | * | |
| AS OWNER OF THE M/V EURUS | * | SECTION |
| LONDON, IN A CAUSE OF | * | |
| EXONERATION FROM, OR | * | JUDGE |
| LIMITATION OF, LIABILITY | * | |
| | * | MAG. |
| * * * * * * | * | |

## COMPLAINT

The Complaint of Eurus London LLC ("Eurus"), in a cause of exoneration from, or limitation of, liability, civil and maritime, with respect, represents upon information and belief:

I.

This is a case of admiralty and maritime jurisdiction, within the purview of 46 U.S.C. § 30501 et seq., Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

II.

At all times material hereto, Petitioner, Eurus, was, and now is, a limited liability company organized and existing under and by virtue of the laws of the Republic of the Marshall Islands, and was, and now is, the owner of the M/V EURUS LONDON, a vessel within the meaning of 1 U.S.C. § 3 and 46 U.S.C. § 30501 et seq.

III.

Eurus has been sued by three claimants in this district, *Moore v. Omega Protein et al.*, Civil Action No. 1:11-CV-217-HSO-JMR; *Vanessa Watkins, as Personal Representative of Rhoderick Watkins v. Omega Protein, Inc., et al.*, Civil Action No. 1:11cv309-LG-RHW; and *Pamela M. Tucker, as Personal Representative of Lindsey A. Tucker v. Omega Protein, Inc., et al.*, Civil Action No. 1:11cv308-LG-RHW, thereby establishing venue in this district in accordance with Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions of the Federal Rules of Civil Procedure.

IV.

The EURUS LONDON (Official No. 13340) is a Liberian-flagged vessel which has a length overall of 192.28 meters, a breadth of 27.20 meters, a depth of 14.80 meters, and tonnage of 19,595 gross tons, and 5,878 net tons.

V.

On May 18, 2011, the EURUS LONDON was at all times tight, staunch and

seaworthy, was properly manned, and in all respects was fit for her intended voyage.

VI.

The EURUS LONDON departed the Port of Gulfport, with a local Pilot onboard, via the Gulfport Ship Channel ("GSC") at approximately 1930 hours on May 18, 2011, destined for Freeport, Texas.

VII.

The EURUS LONDON followed the Dredge BAYPORT, as the vessels proceeded outbound in the GSC.

VIII.

As the EURUS LONDON approached Ship Island outbound in the GSC, the F/V SANDY POINT, a fishing vessel owned and operated by Omega Protein, Inc., was proceeding outside the GSC and called on VHF Channel 16 to arrange a port-to-port passing with the dredge.

IX.

After the dredge and the fishing vessel communicated, the Pilot on the EURUS LONDON advised the SANDY POINT that the EURUS LONDON was also outbound in the GSC and following behind the dredge. The Pilot on the EURUS LONDON and the SANDY POINT also agreed on a port-to-port passage.

X.

Shortly thereafter, the EURUS LONDON called the SANDY POINT and

requested that the fishing vessel leave the channel to give the EURUS LONDON room to remain in the center of the Channel. The SANDY POINT agreed to stay outside the GSC, east of the GSC, as the vessels passed port-to-port.

XI.

The SANDY POINT was running east of and outside the GSC, while the EURUS LONDON proceeded in the middle of the GSC as the vessels approached one another properly shaped up for the agreed port-to-port passing. At that time, the passage was progressing as planned.

XII.

As the vessels were about to meet, the SANDY POINT suddenly made an unexpected, unannounced turn of approximately 90° or more to her port and struck the M/V EURUS LONDON's bulbous bow on the port side. The SANDY POINT's unexpected change of course happened so quickly that the EURUS LONDON had no time to take any evasive action whatsoever to avoid collision.

XIII.

As a result of the collision, the SANDY POINT sank with sixteen (16) crewmembers on board. Three (3) crewmembers perished in the accident, while thirteen (13) crewmembers were rescued – one or more of whom have claimed that they sustained injuries as a result of this accident, which was solely caused by the SANDY POINT.

XIV.

The foregoing incident and resulting losses and damages, if any, were neither caused nor contributed to by any fault, neglect, want of care, design, or defect on the part of Eurus or the unseaworthiness of the EURUS LONDON but, on the contrary, were caused solely by negligence or fault of the SANDY POINT and/or her owners, operators and crew and/or the unseaworthiness of the SANDY POINT.

XV.

The aforementioned incident, and resulting losses and damages, if any, liability for all of which are specifically denied, were done, occasioned and incurred without the fault, privity or knowledge of Eurus.

XVI.

Eurus avers that the M/V EURUS LONDON had a value of SIX MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($6,750,000) DOLLARS immediately after the above-described collision. See Certificate of Valuation of M/V EURUS LONDON by Braemar Seascope Valuations Limited, attached as Exhibit "A."

XVII.

The pending freight for the M/V EURUS LONDON on 18 May 2011 was $0.

XVIII.

Eurus, as owner of the EURUS LONDON, denies that it or the EURUS LONDON are liable to any extent for any claims arising out of the aforesaid incident, and claim

exoneration and exemption from liability for all losses occasioned or incurred by reason of or resulting from the aforesaid occurrence. Alternatively, if the Court should adjudge Eurus liable to any extent, Eurus claims the benefit of Limitation of Liability as provided in §§30501 *et seq.*, inclusive of Title 46 of the United States Code, and of all laws and statutes supplementary thereto and amendatory thereof, and any and all other applicable laws and jurisprudence.

XIX.

Eurus represents that the value of its interest in the EURUS LONDON does not exceed the sum of SIX MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($6,750,000) DOLLARS (see Exhibit "A"), and files a Letter of Undertaking in the amount of SIX MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($6,750,000) DOLLARS, with interest at 6% percent per annum, for the payment of Eurus' interest as aforesaid into the Court. A copy of the Letter of Undertaking is attached as Exhibit "B." However, Eurus reserve the right to apply to this Court for reduction of the limitation fund in accordance with the applicable statutes, laws and jurisprudence.

XX.

Should Eurus be found liable in any degree or in any amount to any party making claim in consequence of the aforesaid incident, then that liability should be limited not to exceed the value of Eurus' interest in the said vessel and of freights pending, in the

aggregate amount of SIX MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($6,750,000) DOLLARS, together with interest at the rate of six (6%) percent per annum, in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action of the Federal Rules of Civil Procedure.

XXI.

All and singular, the premises of this Complaint for Exoneration From or Limitation of Liability are true and correct and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Eurus London LLC prays that:

1. Upon the filing of the Letter of Undertaking, as aforesaid, in the amount of SIX MILLION SEVEN HUNDRED FIFTY THOUSAND AND 00/100 ($6,750,000) DOLLARS, with interest at the rate of six percent (6%) per annum, this Honorable Court order notice to be issued against all persons asserting claims in respect to which Eurus seeks limitation, citing them to file their respective claims with the Clerk of said Court and serve on or mail to the attorneys of Eurus a copy thereof on or before the date to be specified in the said notice.

2. The Court, upon the filing of the Letter of Undertaking, as aforesaid, issue an injunction restraining the filing, commencement and further prosecution in any court whatsoever of any and all suits, actions, and legal proceedings of any nature or kind

whatsoever against Eurus and/or the EURUS LONDON, whether *in personam*, by attachment, or *in rem*, with respect to any claim for which Eurus seeks exoneration from and/or limitation of liability, and dissolving the attachment of any property of Eurus pursuant to any proceeding *in rem* or by attachment for damages, death, personal injury, loss, destruction, occasioned or incurred by reason of, or resulting from the aforesaid incident, except in the present proceeding, and dissolving, setting aside and rescinding any temporary restraining order, injunction or other order relating to discovery or any other matter in any proceeding, except in the present proceeding, against Eurus or against the EURUS LONDON.

    3.    If any claimant who shall file its claim under oath, shall file an exception controverting the value of the EURUS LONDON in her condition as alleged herein, and the amount of the Letter of Undertaking, as aforesaid, this Court shall cause due appraisal to be made of the value of the EURUS LONDON and her freight pending as of 18 May 2011 and the value of Eurus' interest therein; and in the event said appraised value exceeds the limitation fund of the security filed with the Court, that this Honorable Court enter an order for the payment into the Court for the higher value of Eurus' interest therein, or for the giving of security in the same amount, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions of the Federal Rules of Civil Procedure for payment into the Court of the value of Eurus' interest therein or for posting of satisfactory security therefor.

4. This Honorable Court adjudge that Eurus, as well as the EURUS LONDON, is not liable to any extent whatsoever for any losses or damages, and for any claims whatsoever, arising out of the aforesaid matters, happenings and events stated in this Complaint, and exonerates Eurus and the EURUS LONDON from liability therefore.

5. In the alternative, and if this Honorable Court should adjudicate that Eurus or the EURUS LONDON is liable in any amount whatsoever, said liability should be limited and shall not exceed the value of Eurus' interest in said vessel as aforesaid; that the monies paid or ordered to be paid, as aforesaid, be divided *pro rata* among such claimants as may prove their claims, saving to all parties the priorities to which they may be entitled; and that a decree be entered discharging Eurus from all other liabilities.

6. Eurus have such other and further relief, at law or in equity, special or general, as may be just and proper.

Biloxi, Mississippi this 18th day of November, 2011.

Respectfully Submitted:

BYRD & WISER

/s/ Robert A. Byrd
Robert A. Byrd, Esq. (MS Bar #7651)
rab@byrdwiser.com
Attorneys at Law
145 Main Street
P.O. Box 1939
Biloxi, MS 39533
(228) 432-8123
(228) 432-7029 (fax)

**OF COUNSEL:**
MURPHY, ROGERS, SLOSS & GAMBEL
E. Carroll Rogers, T.A. (LA Bar #11421)
crogers@mrsnola.com
Peter B. Tompkins (LA Bar #17832)
ptompkins@mrsnola.com
John H. Musser, V (LA Bar #22545)
jmusser@mrsnola.com
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA 70139
Attorneys for Eurus London LLC

# AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

    **BEFORE ME,** the undersigned authority personally came and appeared

**JOHN H. MUSSER, V**

Who, after being duly sworn, did depose and say:

    That he is a member of the firm of Murphy, Rogers, Sloss & Gambel, attorneys for plaintiff;

    That he has read the above and foregoing Complaint;

    That all of the allegations of fact therein contained are true and correct to the best of his knowledge, information and belief, based on information gathered by him and provided to him by his client.

                                                     JOHN H. MUSSER, V

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS 18th
DAY OF November, 2011.

NOTARY PUBLIC

Printed Name: Michael D. Letourneau

No.: La. Notary No. 59450 / La. Bar No. 32556
650/4182